# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HOKULANI SQUARE, INC.,<br>a Hawaii corporation,<br><br>      Debtor. | Case No. 07-00504<br>Chapter 11 |
| WALTER Y.C. CHANG, et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STEVEN MONTGOMERY<br>CROUCH, et. al.,<br><br>      Defendants. | Adv. Pro. No. 07-90054<br><br><br><br><br>Re: Docket No. 664, 710 |

## MEMORANDUM OF DECISION
## REGARDING PRE-JUDGMENT GARNISHMENT

**I.  Introduction**

Plaintiffs Walter Y.C. Chang and Silvia S.W. Chang (the "Changs") filed a motion (docket no. 664) seeking pre-judgment garnishment or in the alternative setoff or interpleader of certain monies currently being held by the Changs' attorney, Craig Kugisaki. On April 3, 2009, this court heard the motion and granted the Changs' request for interpleader of the funds (docket no. 780). The

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HOKULANI SQUARE, INC.,<br>a Hawaii corporation,<br><br>      Debtor. | Case No. 07-00504<br>Chapter 11 |
| WALTER Y.C. CHANG, et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STEVEN MONTGOMERY CROUCH, et. al.,<br><br>      Defendants. | Adv. Pro. No. 07-90054<br><br><br><br><br>Re: Docket No. 664, 710 |

## MEMORANDUM OF DECISION
## REGARDING PRE-JUDGMENT GARNISHMENT

**I.  Introduction**

Plaintiffs Walter Y.C. Chang and Silvia S.W. Chang (the "Changs") filed a motion (docket no. 664) seeking pre-judgment garnishment or in the alternative setoff or interpleader of certain monies currently being held by the Changs' attorney, Craig Kugisaki. On April 3, 2009, this court heard the motion and granted the Changs' request for interpleader of the funds (docket no. 780). The

court froze the funds until further order of the court and allowed the parties to submit supplemental memoranda about the garnishment remedy.

The Changs subsequently filed a separate motion for attorneys' fees against Eadean Buffington (docket 710). The Changs sought immediate payment of certain fees or, in the alternative, inclusion of the amount of the fees in their claim for purposes of their pending request for pre-judgment garnishment (docket no. 800). This motion was heard on April 24, 2009. I denied the Changs' request for payment of the fees (docket no. 826) but took under advisement the request for pre-judgment garnishment. This memorandum decision addresses both motions (docket nos. 664, 710).

The issue is whether the Changs should be granted a pre-judgment writ of garnishment of the funds.

## II.   Facts

Until 2003, the Changs owned real property located at 1415 Middle Street (the "Middle Street property") in Honolulu. In March 2003, the Changs agreed to sell the Middle Street property to the debtor. Eadean Buffington acted as the Changs' attorney in connection with the Middle Street sale. The Changs contend that, during the representation, Ms. Buffington engaged in questionable conduct of various kinds. The Changs sued Ms. Buffington, alleging she had committed

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed  05/28/09   Page 2 of 10

breach of contract, legal malpractice, fraud, and other wrongs.

Settlement negotiations began soon after the Changs filed suit. In a letter dated January 31, 2006, attorney Robert Ferrigno, who represented both the debtor and Ms. Buffington, made a settlement offer to the Changs. Mr. Ferrigno enclosed a check drawn on his client trust account for $275,000 and said it was from Ms. Buffington (the "Buffington Funds"). The Changs' attorney at the time, David Gierlach, deposited the Buffington Funds in his client trust account. Ms. Buffington argues that, upon her attorney's payment of the $275,000, there was a binding settlement between her and the Changs. I have ruled that there was no such settlement (docket no. 479).

In January 2007, the Changs discharged Mr. Gierlach and hired Mr. Kugisaki. Mr. Gierlach transferred the Buffington Funds to Mr. Kugisaki's client trust account. The Buffington Funds are now segregated in interest bearing CD accounts. No disbursement of the Buffington Funds has been made to the Changs or anyone else.

The Changs argue that they are entitled to pre-judgment garnishment of the Buffington Funds based on the following claims:

1. The debtor paid to Ms. Buffington $50,000 and Ms. Buffington agreed to pay these funds to the Changs as and when interest

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed 05/28/09   Page 3 of 10

payments became due from the debtor to the Changs ("Interest Debt"). Ms. Buffington paid the Changs only $29,250, leaving $20,750 in principal outstanding, and approximately $9,856.25 in interest as of February 28, 2009.

2. The Changs lent Ms. Buffington $33,000, evidenced by a promissory note ("Promissory Note Debt"). The Changs have not received any payment on this note. As of February 15, 2009, Ms. Buffington owes the Changs $50,900, including interest.

3. Ms. Buffington contends that there was a settlement. I have entered a partial summary judgment that there was no settlement. The Changs argue that Ms. Buffington's contention was an "action in the nature of assumpsit" under Haw. Rev. Stat. § 607-14 and that they are entitled to attorneys fees of $20,056.54 (the "Attorneys' Fee Debt") because they prevailed on the issue of whether a settlement contract existed.

4. According to the Changs, Ms. Buffington committed malpractice and fraud. The Changs claim they are entitled to damages of approximately $2 million.[1]

---

[1]The Changs sought pre-judgment garnishment based on this claim in their motion but they do not mention this argument in their supplemental memorandum (docket no. 809). It is uncertain whether the Changs continue to raise this claim. I will address this claim because it was raised in the Changs' original motion (docket no. 664).

4

> 5. The Changs made a Rule 11 demand to Ms. Buffington's counsel on January 13, 2009. The Changs request garnishment for their claim for sanctions under Fed. R. Bankr. P. 9011 or Haw. Rev. Stat. § 607-14.5 against Ms. Buffington and her attorney.

After they filed their motion, the Changs discovered that a federal tax lien in the amount of $52,053 was filed against Ms. Buffington and recorded in the Bureau of Conveyances of the State of Hawaii on December 23, 2008. The Changs argue that, because the IRS might levy on the Buffington Funds, pre-judgment garnishment is necessary to protect their claims to the funds.

## III. Discussion

Federal Rule of Civil Procedure 64, made applicable by Federal Rule of Bankruptcy Procedure 7064, provides that garnishment is available in a federal case and is governed by the law of the state where the court is located.

Hawaii Revised Statutes § 652-1 sets forth the requirements for pre-judgment garnishment:

> (a) Before judgment. When any goods or effects of a debtor are in the possession of an attorney, agent, factor, or trustee (in this chapter jointly and severally included in the term "garnishee"), or when any debt is due from any person (also included under the term "garnishee") to a debtor, or when any person has in the person's possession for safekeeping any moneys of the debtor, any creditor may bring the creditor's action against the debtor and in the

5

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed 05/28/09   Page 5 of 10

> 5. The Changs made a Rule 11 demand to Ms. Buffington's counsel on January 13, 2009. The Changs request garnishment for their claim for sanctions under Fed. R. Bankr. P. 9011 or Haw. Rev. Stat. § 607-14.5 against Ms. Buffington and her attorney.

After they filed their motion, the Changs discovered that a federal tax lien in the amount of $52,053 was filed against Ms. Buffington and recorded in the Bureau of Conveyances of the State of Hawaii on December 23, 2008. The Changs argue that, because the IRS might levy on the Buffington Funds, pre-judgment garnishment is necessary to protect their claims to the funds.

## III. Discussion

Federal Rule of Civil Procedure 64, made applicable by Federal Rule of Bankruptcy Procedure 7064, provides that garnishment is available in a federal case and is governed by the law of the state where the court is located.

Hawaii Revised Statutes § 652-1 sets forth the requirements for pre-judgment garnishment:

> (a) Before judgment. When any goods or effects of a debtor are in the possession of an attorney, agent, factor, or trustee (in this chapter jointly and severally included in the term "garnishee"), or when any debt is due from any person (also included under the term "garnishee") to a debtor, or when any person has in the person's possession for safekeeping any moneys of the debtor, any creditor may bring the creditor's action against the debtor and in the

5

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed 05/28/09   Page 5 of 10

> creditor's petition for process, or by amendments of the complaint at any time before judgment, meeting the requirements of section 652-1.5, may request the court to insert in the process a direction that service of a true and attested copy thereof be made upon the garnishee in any of the manners described under section 652-2.5 and to summon the garnishee to appear personally upon the day or term appointed in the process for hearing the action or at any other time appointed by the court and then and there on oath to answer all of the following inquiries, herein inclusively referred to as the "disclosure". . .

Haw. Rev. Stat. §652-1.5(a)(2) also requires that the creditor prove that "probable validity exists to sustain the validity of the creditor's claims."

In sum, the Changs must prove that: 1) the Buffington Funds are in the possession of an attorney, agent, factor, or trustee; 2) the Changs have a debtor-creditor relationship with Ms. Buffington; and 3) that the Changs' claims are probably valid.

1.

The first element is fulfilled, because the Changs' attorney, Mr. Kugisaki, continues to possess the Buffington Funds in a segregated account.

2.

The second element requires the Changs to establish a debtor-creditor relationship with Ms. Buffington. A creditor is "one to whom a debt is owed." Black's Law Dictionary (8th ed. 2004). A debt is a liability on a claim. <u>Id</u>. A

debtor is defined as "one who owes an obligation to another." Id.

The Changs contend that Ms. Buffington owes them money on several claims. The Changs have established a debtor-creditor relationship with Ms. Buffington for each claim. Ms. Buffington disputes most of the Changs' claims, but the third element of the test deals with that problem.

3.

The Changs must prove that "probable validity exists to sustain the validity of [their] claims," or, stated better, that their claims are probably valid.

Aside from her argument that the Changs settled their claims (an argument which I have already rejected), Ms. Buffington raises no defense to the Promissory Note Debt or the Interest Debt. These claims are probably valid.

Ms. Buffington does dispute the Attorneys' Fee Debt. She argues that only a "prevailing party" can recover attorneys' fees under the assumpsit statute and that the partial summary judgment was an interlocutory order with no "prevailing party." Ms. Buffington's argument misses the point. It is true that one usually cannot identify the "prevailing party" until the entire action is concluded, but for purposes of the prejudgment garnishment statute the creditor need only establish that the claim is _probably_ valid. I conclude that the Attorneys' Fee Debt is probably valid.

7

The Changs are not entitled to a pre-judgment garnishment based upon the malpractice and tort claims. "Hawaii state law requires that a party seeking the remedy of garnishment also establish a debtor-creditor relationship where an ascertainable monetary amount is owed." Schmidt v. Fidelity Nat. Title Ins. Co., 2008 WL 5082860, at *11 (D. Haw. November 26, 2008), citing Frank F. Fasi Supply Co. v. Wigwam Inv. Co., 308 F.Supp. 59 (D. Haw. 1969). Although the Changs have established the probable validity of their claims as to liability, the amount of damages cannot be ascertained with sufficient certainty to support a prejudgment garnishment.

Ms. Buffington disputes the claim for Rule 11 sanctions. The record does not include enough information to decide whether this claim is probably valid.

4.

Ms. Buffington objects to the garnishment request on the grounds that the court should not help the Changs recharacterize the circumstances in which their attorney took possession of the Buffington Funds. Mr. Gierlach, the Changs' first attorney, said that he treated the Buffington Funds as "a de facto pre-judgment attachment" (docket no. 28, p. 9) or as a "voluntary pledge" (docket no. 375, p. 16).

This argument rests on an unstated assumption that a creditor can assert only

8

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed 05/28/09   Page 8 of 10

one theory or remedy to collect a debt. The opposite is true. The Changs, as creditors, contend that Ms. Buffington owes them money. They may attempt to recover these debts from any assets in which Ms. Buffington has an interest and using any and all legal means to realize upon those assets. For example, a creditor with a security interest in accounts due to its debtor can foreclose on the accounts, garnish the parties who owe those debts to the debtor, or both. Similarly, the Changs are entitled to claim the Buffington Funds as the beneficiaries of a "voluntary pledge," a "de facto prejudgment attachment," and a de jure prejudgment garnishment.

## IV. Conclusion

For the reasons stated above, the Changs are entitled to pre-judgment garnishment of the Buffington Funds for the Interest Debt ($30,606.25), the Promissory Note Debt ($50,900), and the Attorneys' Fee Debt ($20,056.54). Pursuant to Haw. Rev. Stat. § 652-1(a), the pre-judgment garnishment summons may include costs and interest. Because the Interest Debt and the Promissory Note Debt are claims "in the nature of assumpsit," the Changs are probably entitled to recover attorneys' fees in respect of those claims, not to exceed twenty five percent of the claims, or $20,376.56. Section 652-1(a) also provides that the amount specified in the summons shall not exceed one hundred twenty per cent of the

9

U.S. Bankruptcy Court - Hawaii    #07-90054    Dkt # 856    Filed 05/28/09    Page 9 of 10

Changs' claims. The pre-judgment garnishment summons shall therefore specify $146,327.00 as the amount subject to garnishment.

The Changs are directed to present to the clerk of this court, and the clerk is direct to issue, a writ of garnishment in the usual form naming Craig T. Kugisaki as garnishee.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **05/28/2009**

10

U.S. Bankruptcy Court - Hawaii   #07-90054   Dkt # 856   Filed  05/28/09   Page 10 of 10